WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys' for Movant,
SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>DAVID SAECHAO and CHAN YEN SAEPHAN,<br><br>Debtors.<br>_____<br>SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns,<br><br>Movant,<br><br>vs.<br><br>DAVID SAECHAO, Debtor; CHAN YEN SAEPHAN, Joint Debtor; and MICHAEL G. KASOLAS, Chapter 7 Trustee,<br><br>Respondents. | Case No.: 13-45818<br>Chapter: 7<br><br>Ref. No. NLG-1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>Date: February 12, 2014<br>Time: 2:00 p.m.<br>Ctrm: 201<br>Place: 1300 Clay Street<br>       Oakland, CA 94612 |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THE CHAPTER 7 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER PARTIES IN INTEREST:**

1

MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns ("Movant"), respectfully represents as follows:

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

2. On or about March 14, 2008, Debtors, DAVID SAECHAO and CHAN YEN SAEPHAN (hereinafter collectively referred to as "Debtors"), executed and delivered a note ("Note") in favor of Bank of America ("Lender"), in the principal sum of $417,000.00, which was secured by a Deed of Trust ("Deed of Trust") of even date recorded against the property commonly referred to as 116 Little Ranch Circle, Oakley, CA 94561 ("Property") in the Official Records for the County of Contra Costa, on March 24, 2008, as Instrument No. 2008-0061885-00. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits "1" and "2," respectively, and are incorporated herein by reference as though set forth in full.

3. The Note and Deed of Trust were subsequently assigned to the Movant by the Lender by way of an Assignment executed on October 24, 2011 ("Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit "3" and is incorporated herein by reference as though set forth in full.

4. Pursuant to the Note, Debtors were obligated to make monthly payments commencing May 1, 2008, and continuing on the first day of each consecutive month thereafter until April 1, 2038, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note.

5. In or about October of 2013, Debtors defaulted under the terms of the Note and Deed of Trust by failing to make the monthly mortgage payment and subsequent mortgage payments to Movant. Movant has not received any payments from the Debtors since this date, thereby necessitating this Motion.

6. On or about October 22, 2013, Debtors filed a joint petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern

District of California, Oakland Division, as Case No. 13-45818 (Bankruptcy Action").

Respondent, MICHAEL G. KASOLAS, has been appointed as Chapter 7 trustee over Debtors' Chapter 7 estate in the Bankuptcy Action.

7. As a result of the automatic stay in the Bankruptcy Action, Movant is prevented from proceeding with its non-bankruptcy rights and remedies in the Property and must seek relief from the automatic stay with this Court.

8. The fair market value of the Property as of the date of the commencement of this case is approximately $300,000.00, as reflected in Debtors' Schedules A and D filed herein, true and correct copies of which is attached hereto as Exhibit "4," and are incorporated herein by reference as though set forth in full.

9. Movant is informed and believes and thereon alleges that after deduction of all liens against the Property in the total amount of $476,198.06 ($467,900.04 principal balance + $8,298.02 in default amounts = $476,198.06), as set forth in Movant's Relief from Stay Cover Sheet filed concurrently herewith, there is no equity in the Property for the benefit of Debtors or this estate, not even taking into consideration costs of sale at the rate of 8%:

| | |
|---|---|
| Fair Market Value: | $ 300,000.00 |
| Less: | |
| Movant's Trust Deed | $ 476,198.06[1] |
| Equity in the Property: | ($ 176,198.06) |

10. Pursuant to 11 U.S.C. §362(d)(2) the automatic stay may be annulled, modified or terminated if there is no equity in the Property and the Property is not necessary to an effective reorganization. Cause therefore exists to grant Movant's Motion for Relief from Stay ("Motion") as there is no equity left in the Property and the Property is not necessary for the reorganization of the Debtors' Chapter 7 bankruptcy estate due to its negative value.

11. Pursuant to 11 U.S.C. §362(d)(1), further cause exists to grant Movants' Motion and to lift the automatic stay as Movant's interest in the Property is not adequately protected by a

---

[1] See Relief from Stay Cover Sheet which states that the total claim for Movant is $467,900.04 principal plus $8,298.02 in defaults under the Note and Deed of Trust for a total of $476,198.06.

3
MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 13-45818    Doc# 14    Filed: 01/14/14    Entered: 01/14/14 12:08:58    Page 3 of 5

cushion of equity and the Movant is not receiving regular payments from the Debtors with respect to the Property.

12. As a result of the automatic stay in force during the pendency of this bankruptcy case, Movant is precluded from recovering possession of the Property. It is submitted that the foregoing authorities provide a mandate for relief from stay.

Accordingly, relief from automatic stay should be granted to Movant pursuant to 11 U.S.C. Section 362.

**WHEREFORE, Movant prays for judgment as follows:**

(1). For an order terminating the automatic stay herein so that Movant, SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns ("Movant"), may exercise and/or caused to be exercised any and all rights under the Note and Deed of Trust and any and all rights after foreclosure sale, including without limitation, the right to commence and/or consummate foreclosure proceedings and the right to take any and all actions necessary as provided by applicable law to obtain possession of the Property, including without limitation proceeding in an unlawful detainer action.

(2). That the attorneys' fees and costs incurred by Movant in filing and prosecuting the instant Motion be included in the outstanding balance of the Note as allowed under applicable law.

(3). That the order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the United States Bankruptcy Code, unless a specific exception has been provided herein.

(4). For a waiver of the 14 day stay prescribed in Bankruptcy Rule 4001(a)(3).

///
///
///
///
///

| | | |
|---|---|---|
| 1 | (5). | For such other and further relief as the Court deems appropriate. |
| 2 | | |
| 3 | | Respectfully submitted, |
| 4 | | WRIGHT, FINLAY & ZAK, LLP |
| 5 | Dated: January 14, 2014 | By: */s/ Nichole Glowin, Esq.* |

Nichole L. Glowin, Esq.
Attorneys' for Movant, SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns