WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys' for Movant,
SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>DAVID SAECHAO and CHAN YEN SAEPHAN,<br><br>Debtors.<br><br>SETERUS, INC. as the authorized subservicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns,<br><br>Movant,<br><br>vs.<br><br>DAVID SAECHAO, Debtor; CHAN YEN SAEPHAN, Joint Debtor; and MICHAEL G. KASOLAS, Chapter 7 Trustee,<br><br>Respondents. | Case No.: 13-45818<br>Chapter: 7<br><br>Ref. No. NLG-1<br><br>**DECLARATION OF ROSE NGI IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**<br><br>Date: February 12, 2014<br>Time: 2:00 p.m.<br>Ctrm: 201<br>Place: 1300 Clay Street<br>Oakland, CA 94612 |

I, Rose Ngi, hereby declare as follows:

1. I am employed as a Bankruptcy Specialist with Seterus, Inc. ("Seterus"), authorized sub-servicer for Movant, SETERUS, INC. as the authorized subservicer for

1
DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Creditor c/o Seterus, Inc., its successors and/or assigns ("Movant"). In this capacity, I am one of the custodians of the books, records, files and banking records of Movant, as those books, records, files and banking records pertain to the subject loan described herein. These records are made by Movant in the ordinary course of business by persons who have a business duty to make such records. These records were made at or near the time of the occurrence of the event or events of which they are a record.

2. Seterus is authorized to attest of the facts set forward in this Motion for Movant as Seterus has firsthand knowledge of the facts set forth therein due to its everyday handling of the loan. Further, Seterus is authorized to attest to the facts set forward in the Motion as set forth in the Power of Attorney agreement between the parties, a true and correct copy of which is attached hereto as Exhibit "5". Seterus has recently changed their name from IBM Lender Business Process Services, Inc. to Seterus, Inc. as set forth in the Corporate Amendment, a true and correct copy of which is attached hereto as Exhibit "6."

3. I have personally reviewed Movant's records as they relate to the loan obligation referred to herein, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the Movant's business records.

4. On or about March 14, 2008, Debtors, DAVID SAECHAO and CHAN YEN SAEPHAN (hereinafter collectively referred to as "Debtors"), executed and delivered a note ("Note") in favor of Bank of America ("Lender"), in the principal sum of $417,000.00, which was secured by a Deed of Trust ("Deed of Trust") of even date recorded against the property commonly referred to as 116 Little Ranch Circle, Oakley, CA 94561 ("Property") in the Official Records for the County of Contra Costa, on March 24, 2008, as Instrument No. 2008-0061885-00. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits "1" and "2," respectively, and are incorporated herein by reference as though set forth in full.

5. The Note and Deed of Trust were subsequently assigned to the Movant by the Lender by way of an Assignment executed on October 24, 2011 ("Assignment"). A true and

2
DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY
Case 13-45818    Doc# 14-3    Filed 01/14/14    Entered 01/14/14 12:08:58    Page 2 of 4

correct copy of the Assignment is attached hereto as Exhibit "3" and is incorporated herein by reference as though set forth in full.

6. Pursuant to the Note, Debtors were obligated to make monthly payments commencing May 1, 2008, and continuing on the first day of each consecutive month thereafter until April 1, 2038, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note.

7. In or about October of 2013, Debtors defaulted under the terms of the Note and Deed of Trust by failing to make the monthly mortgage payment and subsequent mortgage payments to Movant. Movant has not received any payments from the Debtors since this date, thereby necessitating this Motion.

8. On or about October 22, 2013, Debtors filed a joint petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division, as Case No. 13-45818 (Bankruptcy Action"). Respondent, MICHAEL G. KASOLAS, has been appointed as Chapter 7 trustee over Debtors' Chapter 7 estate in the Bankruptcy Action.

9. As a result of the automatic stay in the Bankruptcy Action, Movant is prevented from proceeding with its non-bankruptcy rights and remedies in the Property and must seek relief from the automatic stay with this Court.

10. The fair market value of the Property as of the date of the commencement of this case is approximately $300,000.00, as reflected in Debtors' Schedules A and D filed herein, true and correct copies of which is attached hereto as Exhibit "4," and are incorporated herein by reference as though set forth in full.

11. Movant is informed and believes and thereon alleges that after deduction of all liens against the Property in the total amount of $476,198.06 ($467,900.04 principal balance + $8,298.02 in default amounts = $476,198.06), as set forth in Movant's Relief from Stay Cover Sheet filed concurrently herewith, there is no equity in the Property for the benefit of Debtors or this estate, not even taking into consideration costs of sale at the rate of 8%:

3
DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY
Case: 13-45818    Doc# 14-3    Filed: 01/14/14    Entered: 01/14/14 12:08:58    Page 3 of 4

|   |   |   |
|---|---|---|
| Fair Market Value: | | $ 300,000.00 |
| Less: | | |
| Movant's Trust Deed | | $ 476,198.06[1] |
| Equity in the Property: | | ($ 176,198.06) |

12. Pursuant to 11 U.S.C. §362(d)(2) the automatic stay may be annulled, modified or terminated if there is no equity in the Property and the Property is not necessary to an effective reorganization. Cause therefore exists to grant Movant's Motion for Relief from Stay ("Motion") as there is no equity left in the Property and the Property is not necessary for the reorganization of the Debtors' Chapter 7 bankruptcy estate due to its negative value.

13. Pursuant to 11 U.S.C. §362(d)(1), further cause exists to grant Movants' Motion and to lift the automatic stay as Movant's interest in the Property is not adequately protected by a cushion of equity and the Movant is not receiving regular payments from the Debtors with respect to the Property.

14. Based on the foregoing, Movant respectfully requests that the Court grant them relief from stay so that they may proceed under non-bankruptcy law to enforce its rights and remedies in the Property including the right to proceed with their non-judicial foreclosure sale and/or the right to commence an unlawful detainer to recover possession of the Property, if necessary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___8TH___ day of January, 2014, at Beaverton, Oregon.

_____
Rose Ngi, Declarant

---

[1] See Relief from Stay Cover Sheet which states that the total claim for Movant is $467,900.04 principal plus $8,298.02 in defaults under the Note and Deed of Trust for a total of $476,198.06.

4

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY